RE EARLE TOBEY, INTERVENOR IN
HOMER E. ROBINSON, BANK COMMISSIONER,
SUCCESSOR TO THOMAS A. COOPER, AS
BANK COMMISSIONER

*vs.*

AUGUSTA TRUST COMPANY ET AL.

Kennebec.  Opinion, August 22, 1945.

*Harvey D. Eaton,* for intervenor.

*John E. Nelson,* for receivers of Augusta Trust Company.

*Jerome G. Daviau,* for appellee Poulin.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.  Earle Tobey, the intervenor in this case, filed a petition praying for the revocation of an order dated June 14, 1943, authorizing the receivers of the Augusta Trust Company to sell to Joseph Poulin, or his nominee, a certain parcel of real estate for $1,150 plus two years taxes, and also that the deed issued in pursuance of said order should be cancelled and delivered up. From a decree dismissing the motion, the intervenor has appealed.

The sitting justice in his findings has set forth the facts in detail. Except for its length, we might well adopt his opinion as that of this court. The intervenor entered into an oral contract with the receivers of the Augusta Trust Company for the purchase of a parcel of real estate and entered into possession of it. He defaulted in his payments and after repeated attempts by the receivers to persuade him to carry out his contract they, under an order of court, sold the property to one Joseph Poulin. Tobey brought a bill in equity against Poulin alleging fraud on the part of Poulin in negotiating with the receivers for such sale and in accepting the deed of the property. A justice of the Superior Court sustained the bill; but on appeal this ruling was reversed on the ground that the proceeding constituted a collateral attack on the decree of the court ordering the sale. *Tobey* v. *Poulin,* 141 Me., 58, 36 A., (2d) , 826. In its opinion, this court stated the facts as to which there is no real dispute and then made the following comment on them:

"As it is clear, in the case here made, that at that time the purchaser was far in arrears in his payments and indicated neither ability nor intention to cure his de-

faults, no reason for permitting or directing him to complete his purchase is made to appear and to order a resale would seem to have been an exercise of sound discretion and good judgment."

The present proceeding is an attempt to attack directly the decree authorizing the sale. The sitting justice had this to say with respect to the default of Tobey:

"It is to be noted that the record shows the receivers were engaged in final liquidation of the Augusta Trust Co., that they had many foreclosed properties to sell, that Tobey had substantially failed to meet the requirements of the arrangement made with the receivers, that he had the benefit of possession of the premises for two and one-half years, was greatly in arrears on monthly payments, had not made the principal installment, had failed to pay taxes and had committed strip and waste on the timber lot. He still owed all but about $200 of the original purchase price."

The record shows not only no abuse of discretion by the sitting justice in dismissing the intervenor's motion but on the contrary that his decision was clearly correct.

*Appeal dismissed.*